1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5    UNITED STATES OF AMERICA,

6                        Plaintiff,          NO. CR 10-0914 TEH

7    v.                                      ORDER TO DISCOVER
                                             DOCUMENTS CONTAINING
8    ABEL RUBIO-LARA,                        INFORMATION MATERIAL TO
                                             THE DEFENSE
9                        Defendant.

10

11

12                          **INTRODUCTION**

13       On August 5, 2011, the United States filed an *ex parte* notice concerning *Henthorn*

14   compliance with this Court.  In this notice, the United States advised the court of information

15   found by government counsel during their review of a government witness's employment

16   records.  The government witness being a law-enforcement officer whose testimony is

17   expected at trial, the United States performed this review of employment records in order to

18   comply with the obligations imposed on the government by *United States v. Henthorn*, 931

19   F.2d 29 (9th Cir. 1991). The United States, in its notice, advised this court that they do not

20   believe this information to be material to the defense, and that, therefore, they should not be

21   required to discover this information to the defense.  Having carefully considered the

22   argument of counsel, as contained in their notice, and reviewed the relevant case law, we find

23   that the United States does have a duty to disclose the information addressed in their notice

24   to the defense, as discussed below.

25

26                      **FACTUAL BACKGROUND**

27       Abel Rubio-Lara is alleged to have illegally re-entered the United States after having

28   been previously deported.  The United States seeks to prove that Mr. Rubio-Lara was

1   previously deported in 2006.  The United States has indicated an intent to offer proof of this

2   fact through the testimony of Immigration and Customs Special Agent Emmanuel Acala,

3   whom, according to counsel for the United States, interviewed the defendant in 2006 and

4   initiated removal proceedings against him in that year.  The United States intends to call

5   Agent Acala as a witness at trial.

6        In reviewing Agent Acala's employment records, counsel for the government

7   uncovered a 2008 suspension imposed on Agent Acala for professional misconduct;

8   specifically, for unauthorized use of government computer systems, programs, and resources.

9   According to the records from this incident, Agent Acala accessed government databases

10   repeatedly to search for information concerning the current romantic partner of Agent

11   Acala's former girlfriend.  Agent Acala, upon being confronted about this misuse of

12   government resources, admitted wrongdoing and took responsibility for his actions. He was

13   suspended for 14 days for his misconduct.

14

15                            **LEGAL STANDARD**

16        In *United States v. Cadet*, 727 F.2d 1453 (9th Cir.1984), the court held that the

17   government has a duty to "disclose information favorable to the defense that meets the

18   appropriate standard of materiality.... If the prosecution is uncertain about the materiality of

19   information within its possession, it may submit the information to the trial court for an in

20   camera inspection and evaluation...." *Id.* at 1467-68. Under *Cadet*, and under *United States v.*

21   *Henthorn*, 931 F.2d 29 (9th Cir. 1991) the government has a duty to investigate whether the

22   personnel files of its testifying officers may contain information to which the defense would

23   be entitled. *Cadet*, 727 F.2d at 1467, *Henthorn*, 931 F.2d at 31. Information from the

24   employment records of testifying officers, however, need only be turned over if it is material

25   to the defense. *Henthorn*, 931 F.2d at 3.

26        Information is material to the defense if it is "helpful to the defense." *United States v.*

27   *Santiago*, 46 F.3d 885, 894 (9th Cir.1995).  This is the standard derived from *Brady v.*

28

2

*Maryland*, 373 U.S. 83, 83 S. Ct. 1194, at 1196–1197 (1963), which required the disclosure of "evidence favorable to an accused."

**DISCUSSION**

The government argues, in its notice, that the information found in the employment records of Agent Acala is not discoverable, because Agent Acala did not lie when confronted about his misuse of the government database.  The government argues that, therefore, his conduct is not relevant to Agent Acala's truthfulness or veracity, and therefore is not material to the defense.  We disagree.

The standard for materiality, as set forth above, is not limited to that information which bears on a witness's character for truthfulness.  Rather, information is material if it is, in some way, favorable to the defense.  While evidence of a key government witness's poor character for truthfulness certainly falls within the definition of materiality established by the precedents referenced above, it by no means serves as a limitation.  Information may be helpful to the defense without having any bearing on a witness's truthfulness–for example, in *U.S. v. Stever*, 603 F.3d 747, 753-754 (9th Cir. 2010), the court held that evidence of Mexican drug trafficking gangs that had recently infiltrated Oregon was material, because defense's theory of the case was that the defendant had been unaware of the marijuana growing on his mother's property, and the information concerning Mexican trafficking gangs provided an alternative explanation as to who planted the marijuana.

The evidence contained in the employment records of Agent Acala is favorable to the defense in that it demonstrates a willingness by Agent Acala to engage in professional misconduct. His character insofar as his professional duties are concerned is placed at issue, as he is being called by the government to testify about actions he carried out in his professional capacity as an Agent. His character for truthfulness need not be impugned in order for this information to be favorable to the defense. Information that is favorable to the defense being material, this information is material and must be disclosed.

**United States District Court**
For the Northern District of California

1   | **CONCLUSION**

2   Based on the discussion above, and with GOOD CAUSE APPEARING, the Court

3   hereby ORDERS the United States to provide to the defense copies of any records relating to

4   Agent Acala's past incident of professional misconduct.

5

6

7   **IT IS SO ORDERED.**

8

9   Dated: 8/10/11

10   THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4