IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ABEL RUBIO-LARA,<br><br>　　　　Defendant. | NO. CR 10-0914 TEH<br><br><u>ORDER ON MOTIONS IN LIMINE</u> |

After carefully considering the parties' written arguments on their motions in limine, the Court finds oral argument to be necessary for some of the motions brought by counsel. Specifically, the court would like to hear oral argument on the United States' motion C, and the defendant's motions I, III, V (in part) and VII, as well as the motions brought for the first time in the defendant's opposition to the government's motions in limine. For the remaining motions, oral argument is unnecessary. For these motions, the court now rules as follows:

<u>United States' Motion in Limine A</u> seeks to admit the defendant's prior statements to immigration officials. This motion pertains to the statements of the defendant taken by ICE Agent Emmanuel Acala in 2006, and does not extend to the 2010 statements attributed to the defendant, which the government has indicated will not be used at trial. This statement is signed by the defendant and includes his fingerprint, and is to be offered as evidence against him by the United States. As such, it is an admission of a party-opponent, and is admissible under Federal Rule of Evidence 802(d)(2)(a). Accordingly, this motion is GRANTED.

<u>United States' Motion in Limine B</u> seeks to admit the defendant's birth certificate as a self-authenticating public record under Federal Rule of Evidence 803(8) and 803(9), which govern exceptions to the hearsay rule for public records, reported in the normal course of the

relevant agency or office's duty (803(8)) and records of vital statistics (803(9)).  In support of the admissibility of the birth certificate, the government cites *United States v. Pintado-Isiordia*, 448 F.3d 1155, 1157 (9th Cir. 2006), which holds that the record is admissible as a self-authenticating public record under Federal Rules of Civil Procedure 44(a)(2), which is applicable in a criminal context through Rule 27 of the Federal Rules of Criminal Procedure. The court agrees, and this motion is GRANTED.

United States' Motion in Limine D seeks to admit expert testimony from the government's fingerprint examiner, Charles F. Smith.  The court has reviewed the credentials of Mr. Smith and, as there is no objection from the defense, the motion is GRANTED.

United States' Motion in Limine E requests that the court prohibit collateral attack on the defendant's prior deportations or removals. This unopposed motion is GRANTED.

United States' Motion in Limine F asks that the court prohibit references to defendant's reasons for illegally reentering the country.  In support of this motion, the government cites Federal Rules of Evidence 401, 402, and 403, arguing that any reasons the defendant may have had for coming back into the country following his 2006 deportation are irrelevant, and, even if relevant, are more prejudicial than probative and should therefore be barred.  However, without knowing what evidence, specifically, the defense would be seeking to admit related to reasons for reentry, it is difficult to determine whether such evidence would be prejudicial at all, making the balancing mandated by Rule of Evidence 403 impossible.  As to the relevance of such evidence under Rules 401 and 402, it is impossible to determine whether such evidence would be relevant without further information.  One of the elements of the charged offense is voluntariness–under Title 8, United States Code, section 1326, the government must prove that the defendant *voluntarily* entered the United States.  It is conceivable that evidence offered to undermine the element of voluntariness could fall under the umbrella of reasons for reentry.  For this reason, the

1  motion is DENIED without prejudice, and, should the defense actually seek to admit
2  evidence of the defendant's reasons for reentering the country, the government's objection to
3  this evidence may be renewed.

5  <u>United States' Motion in Limine G</u> seeks to prohibit references to the defendant's
6  biographical background that may invoke sympathy from the jury.  The government,
7  specifically, wishes to preclude evidence about the defendant's children, health, education, or
8  economic background, which the government feels is irrelevant and lacking in probative
9  value.  However, the defense objects to this motion, arguing that this request is unnecessarily
10 sweeping, and could prevent the defendant from offering favorable character evidence under
11 Federal Rule of Evidence 404(a)(1).  In support of this contention, the defense cites *People v.*
12 *Diaz*, 961 F.2d 1417, 1419 (9th Cir. 1992), which held that a criminal defendant may
13 introduce favorable testimony regarding his character, including general evidence of good
14 character traits, such as the trait of being law-abiding.  *Id*.
15      The court agrees that this request is overly broad, and would prohibit the defendant
16 from introducing the type of evidence contemplated by Federal Rule of Evidence 404(a)(1).
17 However, 404(a)(1) does not give the defendant *carte blanche* to introduce character
18 evidence of any sort, including that which is minimally probative and significantly
19 prejudicial, and would therefore be barred by Federal Rule of Evidence 403.   Accordingly,
20 the motion is DENIED, with leave to the government to re-assert their objection to the
21 admission of specific character evidence brought by the defendant, should the defendant seek
22 to bring any such evidence.

24      <u>United States' Motion in Limine H</u> requests that the court prohibit reference to
25 potential penalty.  This unopposed motion is GRANTED.

27      <u>Defendant's Motion in Limine II</u> is a motion to exclude the defendant's unsigned
28 statement of August 26, 2010.  This unopposed motion is GRANTED.

**United States District Court**
For the Northern District of California

3

<u>Defendant's Motion in Limine IV</u> asks for an opportunity to impeach hearsay declarants. It is unclear whether the government intends to bring any such declarants, or whether, if they did, the defense would have any prior inconsistent statements or other material with which to impeach them. Nevertheless, the defense certainly has a right to impeach hearsay declarants under Federal Rules of Evidence 803(6) and (7), and therefore this unopposed motion is GRANTED.

<u>Defendant's Motion in Limine V</u> seeks to preclude evidence of other acts by the defendant. The defense seeks to bar the government from admitting evidence of prior bad acts in their case-in-chief, under Federal Rule of Evidence 404(b), and as impeachment, under Federal Rule of Evidence 609(b). The government has responded that they have no intent to bring any evidence of prior bad acts in their case-in-chief, and therefore the defense's relating to Rule 404(b) is DENIED as moot, with leave to raise the issue again if the government should seek to admit such evidence.

With regards to evidence of prior convictions admitted for purposes of impeachment under Rule 609(b), the conviction in question is a felony conviction for drug trafficking, which is less than 10 years old. It is probative, in that the specific offense of which the defendant was convicted–drug trafficking–is inherently related to the offense of illegal reentry, and therefore probative in the present matter. For that reason, the motion to prohibit this conviction from being offered as impeachment evidence under Rule 609(b) is DENIED. However, the court will not rule at present on the specific extent to which the government may address the prior conviction, reserving the decision over what details may and may not be mentioned at trial for after oral argument on this issue.

<u>Defendant's Motion in Limine VI</u> is a request to prohibit from admission any evidence not yet discovered by the government, pursuant to Federal Rule of Criminal Procedure 16(d)(2). The government responds that they are in compliance with this rule, and, should any further discovery be obtained, that they will continue to comply with the

4

rule. As this motion requests nothing more than compliance with already-existing rules of procedure, the motion is DENIED as moot.

Defendant's Motion in Limine VIII seeks to exclude witnesses other than the government's case agent from the courtroom during proceedings. This unopposed motion is GRANTED.

Defendant's Motion in Limine IX is a motion to prohibit witnesses from referring to the defendant as an "alien." The defense argues that referring to the defendant as an alien would not only cause considerable prejudice to the defendant, but encroach upon the provenance of the jury as the finder of fact, in that the question of whether or not the defendant is an "alien" is one for the jury to resolve. The government's response to this motion does not address the concerns raised by the defense, focusing on the fact that their witnesses will need to testify about their dealings with aliens *generally*, in the course of their work. The court sees no reason why these witnesses could not testify about their work investigating alleged aliens without referring to *the defendant* as "an alien" or "the alien." They may testify about aliens generally, while still referring to the defendant as "the defendant" or "Mr. Rubio-Lara." The inconvenience to government witnesses being minimal, and the concern of encroaching upon the provenance of the jury being substantial, the motion is GRANTED.

Defendant's Motion in Limine X seeks to preclude sending indictments to the jury room. This unopposed motion is GRANTED.

Defendant's Motion in Limine XI asks that the defendant be permitted to dress in non-jail attire during the trial, and to preclude mention of the defendant's current custody status. This unopposed motion is GRANTED.

5

<u>Defendant's Motion in Limine XII</u> requests that the attorneys be given an opportunity to conduct voir dire. This unopposed motion is GRANTED.

<u>Defendant's Motion in Limine XIII</u> requests leave to file further motions. This unopposed motion is GRANTED.

**IT IS SO ORDERED.**

Dated:   8/11/2011

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT